## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

VIGILANT INSURANCE COMPANY, as
subrogee of SANFORD REDMOND,

               Plaintiff,

  v.

OSA HEATING & COOLING LLC,

            Defendant.

3:10-CV-00981 (CSH)

### MEMORANDUM AND ORDER

**HAIGHT, Senior District Judge:**

I.     **INTRODUCTION**

     Plaintiff Vigilant Insurance Company (hereafter, "Plaintiff"), as subrogee of Sanford Redmond has brought this action against Defendant OSA Heating & Cooling LLC (hereafter, "Defendant") for negligence, breach of contract, and breach of warranty.  Familiarity with the underlying factual allegations contained within Plaintiff's Complaint is assumed.

     Plaintiff has asserted that this Court has subject matter jurisdiction based on diversity of citizenship, alleging that this Court "has diversity of jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because Plaintiff is a New York corporation and ... Defendant is a Connecticut limited liability company[,] and the matter in controversy exceeds the value of" $75,000.  [Doc. 1]

1

at ¶5.  Under 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States."[1]

Despite Plaintiff's assertion of diversity, however, Plaintiff has failed to sufficiently allege that subject matter jurisdiction exists in the case at bar.

## II.    SUBJECT MATTER JURISDICTION

In general, if subject matter jurisdiction is lacking in an action before a court, the action must be dismissed.  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  As the Second Circuit recently noted, "[w]here jurisdiction is lacking, ... dismissal is mandatory." *Lovejoy v. Watson*, 475 F. App'x 792, 792 (2d Cir. 2012) (internal quotations and citation omitted).

Consequently a federal court must determine with certainty whether it has subject matter jurisdiction over a case pending before it.  If necessary, the court has an obligation to consider its subject matter jurisdiction *sua sponte*.  *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir.2006) ("Although neither party has suggested that we lack appellate jurisdiction, we have an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*."), *cert. denied*, 549 U.S. 1282 (2007); *see also, e.g., Univ. of South Alabama v. American Tobacco* Co., 168 F.3d 405, 410 (11th Cir. 1999) ("a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking"); *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping*

---

[1]  The element of jurisdictional amount is satisfied, as Plaintiff seeks damages in excess of $75,000.

*Corp.*, 109 F.3d 105, 107-08 (2d Cir. 1997) (holding that district court may raise issue of subject matter jurisdiction *sua sponte* at any time)).  It is, in fact, "common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction; and, if it does not, dismissal is mandatory." *Manway Constr. Co. v. Housing Auth. of Hartford,* 711 F.2d 501, 503 (2d Cir. 1983). In order for requisite diversity of citizenship to exist under 28 U.S.C. § 1332(a)(1), a plaintiff's citizenship(s) must be diverse from the citizenship(s) of *all* defendants.  *See, e.g.*, *St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80  (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant.") (citing *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)).  Such complete diversity "must exist *at the time the action is commenced*,"  *Universal Licensing Corp. v. Lungo*, 293 F.3d 579, 581 (2d Cir. 2002) (emphasis added), which in the case at bar is July 11, 2013.

Plaintiff has alleged that it is "a duly organized corporation existing under the laws of the State of New York with its principal place of business located" in New York.  [Doc. 1] at ¶2. Pursuant to  28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of *any State* by which it has been incorporated and of the State where it has its principal place of business." (emphasis added).  Plaintiff has failed to specify whether New York is its *sole* state of incorporation and, as a result, this Court cannot determine whether for diversity purposes New York is the only state of which Plaintiff is a citizen.[2]

---

[2]   The Court notes that Plaintiff brings this lawsuit as subrogee for insured Sanford Redmond, whose citizenship has not been alleged, for losses incurred as a result of fire damage "at the Redmond residence located at 746 Riverbank Road, Stamford, CT 06903." [Doc. 1] at ¶1. As this Circuit noted eighty years ago, "[i]t is quite true that in determining the jurisdiction of the District Court under its diversity jurisdiction, it has been held that it is the citizenship of the

Furthermore, Plaintiff has averred that Defendant "is a Connecticut limited liability company with a principal place of business located" in Connecticut. [Doc. 1] at ¶3. This information is insufficient for a determination of Defendant's citizenship(s) and, consequentially, for a determination of diversity in the present action. Unlike the case of a corporation, the "citizenship for diversity purposes of a limited liability company ... is the citizenship of *each of its members*."

---

subrogate, not of the principal, which counts." *U.S. Merchants' & Shippers' Ins. Co. v. A/S Den Norske Afrika Og Australie Line*, 65 F.2d 392, 393 (2d Cir. 1933); *cf. St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 82 (2d Cir. 2005) (stating that "in a diversity case in which both the insurer as subrogee and the insured are plaintiffs" and certain conditions are met, "if the presence of either the insurer or the insured destroys diversity, both the district court and the court of appeals have the authority ... to drop the nondiverse party ... in order to preserve subject matter jurisdiction," therefore indicating that in this Circuit the citizenship of a subrogee plaintiff is determined by that plaintiff's own citizenship, and not that of the insured.)

In this Circuit, "diversity jurisdiction depends upon the citizenship of real parties to the controversy" and, therefore, "[t]here is a 'rough symmetry' between" that rule and "the 'real party in interest' standard." *St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d at 81 (quoting *Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 460 (1980)). Thus as a general rule, "[i]f the subrogee has paid an entire loss suffered by the insured, it is the only real party in interest ... If it has paid only part of the loss, both the insured and insurer ... have substantive rights against the tortfeasor which qualify them as real parties in interest." *Id.* (quoting *United States v. Aetna Cas. & Surety Co.*, 338 U.S. 366, 380-81 (1949)).

It is unclear from Plaintiff's Complaint whether Plaintiff has paid the entirety of Redmond's losses. However, as this Circuit has recently noted, even in situations in which an "insurer has not fully compensated the insured for its loss," which may well be the case with respect to the entirety of Redmond's damages, "either party may sue without the presence of the other." *Id.* In such a case, if joinder of the absent insured or insurer would deprive the court of jurisdiction over the subject matter of this action," as it might in this action, "the court may properly proceed ... adjudicate the rights of the suing plaintiff alone," the consequence being "that the defendant may have to defend two or more actions on the same tort." " *St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d at 81. (internal quotations marks and citations omitted).

Given the law in this Circuit, and, further, given that this lawsuit is brought by Plaintiff only "to the extent of payments made to [Redmond] to compensate him for losses incurred as a result of" damage to Redmond's property, [Doc. 1] at ¶1, the citizenship of Sanford Redmond is not a necessary or relevant component in this Court's determination of its subject matter jurisdiction.

4

*Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006) (emphasis added), *cert. denied,* 549 U.S. 1047 (2006).   Accordingly the "citizenship of a limited liability company is *not the state in which it is organized or has its principal place of business*, but rather, each of the states in which it has members."  *Lewis v. Allied Bronze LLC*, No. 07 Civ. 1621(BMC), 2007 WL 1299251, at *1-2 (E.D.N.Y. May 2, 2007) (emphasis added) (citing *Handelsman v. Bedford Village Associates Ltd. Partnership*, 213 F.3d 48, [51-52] (2d Cir.2000) and remanding removed action for lack of diversity jurisdiction).[3]   Plaintiff has failed to provide the identities and citizenship of each of Defendant's members.  Citizenship of each member must be known to establish that complete diversity exists in this action.

## III.   <u>CONCLUSION</u>

In order to determine whether it has subject matter jurisdiction in this action, the Court hereby ORDERS Plaintiff to establish, by affidavit, its and Defendant's citizenship(s) for diversity purposes as of the date this action was commenced, July 11, 2013.

Plaintiff shall file and serve such affidavit regarding citizenship on or before **Tuesday, August 6, 2013**.  All case deadlines shall be stayed pending the Court's review of this affidavit.  If, upon review, the Court determines that it possesses subject matter jurisdiction, the action may proceed.  Otherwise, in the absence of such jurisdiction, the Court shall dismiss the action without prejudice.

---

[3]   *See also City of New York v. Mickalis Pawn  Shop, LLC*,  645 F.3d 114, 127 n. 13 (2d Cir. 2011) (citing *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir.2000), as the appropriate "test for determining the citizenship of a limited-liability company").

It is SO ORDERED.

Dated: New Haven, Connecticut
       July 16, 2013

                                                    /s/Charles S. Haight, Jr.
                                                    Charles S. Haight, Jr.
                                                    Senior United States District Judge